T.C. Summary Opinion 2011-86

UNITED STATES TAX COURT

KATHLEEN LEWIS RUSSELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17028-09S.          Filed July 11, 2011.

Kathleen Lewis Russell, pro se.

<u>Kristin M. Timmons</u>, for respondent.

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2007 Federal income tax of $5,922.

The issues for decision are:

(1) Whether petitioner is entitled to dependency exemption deductions for her granddaughter and great-granddaughter.  We hold that she is.

(2) Whether petitioner is entitled to the earned income credit for her granddaughter and great-granddaughter.  We hold that she is.

(3) Whether petitioner is entitled to the additional child tax credit for her great-granddaughter.  We hold that she is.

(4) Whether petitioner is entitled to head of household filing status.  We hold that she is.

## Background

Some of the facts have been stipulated, and they are so found.  We incorporate by reference the parties' stipulation of facts and accompanying exhibits.  Petitioner resided in the State of Minnesota when the petition was filed.

In early 2006 petitioner moved from Minnesota to Fresno, California, to be closer to her granddaughter, Charell.  Petitioner rented a home in Fresno (the Fresno home), and Charell moved in with her.

During 2007 petitioner was employed by Kings Canyon National Park (Kings Canyon) in the Sierra Nevada Mountains in California, approximately a 1-hour-and 15-minute drive from the Fresno home.[2] Petitioner paid rent to her employer through a payroll deduction for the use of onsite lodging in which she stayed during inclement weather when the mountain roads were impassable. In order to facilitate the receipt of mail when stranded in the mountains, petitioner established a post office box in Kings Canyon (the P.O. box); petitioner used the P.O. box as her primary mailing address and had all of the mail from the Fresno home forwarded to it. Petitioner explained that she had the mail forwarded so that during the winter months she would continue to receive her bills as well as her Netflix and Blockbuster subscriptions when stranded in the mountains.

In 2007 Charell attained the age of 18 years and also gave birth to a daughter, D.D., petitioner's great-granddaughter.[3] Following the birth of D.D., Charell stayed with her uncle, petitioner's son, at his home in Fresno for approximately 10 days. On the occasions when petitioner was stuck in the

---

[2] Petitioner worked at Grant Grove, which according to http://maps.yahoo.com is approximately 65 miles from the Fresno home.

[3] The Court refers to minor children by their initials. See Rule 27(a)(3).

mountains, Charell and D.D. would sometimes stay at Charell's uncle's home.

During 2007 Charell earned a de minimis amount of income from three employers. For each of the jobs Charell listed a different home address, none of which was the address of the Fresno home. Charell used these alternate addresses to ensure receipt of her paychecks because all of the mail from the Fresno home was forwarded to the P.O. Box. During Charell's working hours her uncle or his wife would watch D.D.

On her 2007 Federal income tax return petitioner claimed two dependency exemption deductions (for Charell and D.D.), the earned income credit (in respect of Charell and D.D.), the additional child tax credit (in respect of D.D.), and head of household filing status.

In a notice of deficiency, respondent denied the dependency exemption deductions, the earned income credit, and the additional child tax credit and changed petitioner's filing status to single.

## Discussion[4]

A. Dependency Exemption Deductions

In general, a taxpayer may claim a dependency exemption deduction "for each individual who is a dependent (as defined in

---

[4] We decide this case without regard to the burden of proof.

section 152) of the taxpayer for the taxable year." Sec. 151(a), (c). As relevant herein, section 152(a) defines a dependent to include a "qualifying child". A qualifying child must, inter alia, share the same principal place of abode as the taxpayer for more than one-half of the year in issue.[5] Sec. 152(c)(1)(B).

Petitioner claims that she is entitled to dependency exemption deductions for her granddaughter and great-granddaughter because they lived with her in the Fresno home.

Respondent contends that petitioner and her granddaughter and great-granddaughter did not share the same principal place of abode for more than one-half of the year in issue.

We find that petitioner and her granddaughter and great-granddaughter did share the same principal place of abode for more than one-half of the year in issue. See sec. 152(c)(1)(B). Petitioner was not stranded in the mountains so much so that the Fresno home failed to be petitioner's home; likewise, Charell and D.D. did not spend so much time with the uncle such that the Fresno home failed to be Charell's and D.D.'s home. Therefore, petitioner's granddaughter and great-granddaughter are qualifying children under section 152(c).

Accordingly, we hold that petitioner is entitled to dependency exemption deductions for her granddaughter and great-granddaughter for 2007.

---

[5] No other requirement is at issue in the instant case.

B.  <u>Earned Income Tax Credit</u>

Section 32(a)(1) permits an eligible individual an earned income credit (EIC) against that individual's tax liability.  As pertinent here, the term "eligible individual" is defined to mean "any individual who has a qualifying child for the taxable year". Sec. 32(c)(1)(A)(i).[6]  The amount of the credit is determined according to percentages that vary depending on whether the taxpayer has one qualifying child or two or more qualifying children.  Sec. 32(b).  The percentages increase if a taxpayer has two qualifying children as opposed to one.  <u>Id.</u>  Thus, if petitioner has two qualifying children, the EIC is $4,716; with one qualifying child, the EIC is $2,853.  See Rev. Proc. 2006-53, sec. 3.07(1), 2006-2 C.B. 996, 1000.

To be eligible to claim an EIC with respect to a "qualifying child", a taxpayer must establish, inter alia, that the child had the same principal place of abode as the taxpayer for more than one-half of the taxable year.[7]  Secs. 32(c)(3), 152(c)(1)(B).

---

[6]  An eligible individual also includes an individual who does not have a qualifying child.  See sec. 32(c)(1)(A)(ii). However, an EIC is available to such an individual only if his or her adjusted gross income is less than $12,590.  See Rev. Proc. 2006-53, sec. 3.07(1), 2006-2 C.B. 996, 1000.  Because petitioner's adjusted gross income exceeded that amount in 2007, petitioner is not entitled to an EIC for that year without a qualifying child.

[7]  See <u>supra</u> note 5.

We previously concluded that petitioner and her granddaughter and great-granddaughter shared the same principal place of abode for more than one-half of the year in issue. Therefore, petitioner is entitled to the EIC she claimed on her 2007 Federal income tax return.

C.  Child Tax Credit and Additional Child Tax Credit

Section 24(a) allows taxpayers a credit against tax imposed for each qualifying child.  The term "qualifying child" is defined by section 24(c)(1) to mean a qualifying child of the taxpayer as defined in section 152(c) who has not attained the age of 17.  Section 24(d) provides that a portion of the credit may be refundable, which portion is commonly referred to as the additional child tax credit.

Petitioner claimed the additional child tax credit on her 2007 Federal income tax return for D.D.  We have previously concluded that D.D. is a qualifying child as defined in section 152(c).  Accordingly, we hold that petitioner is entitled to the additional child tax credit for D.D. as claimed on the return.

D.  Head of Household Filing Status

As relevant herein, section 2(b)(1)(A)(i) provides that a taxpayer qualifies as head of household if she maintains as her home a household that constitutes the principal place of abode of a qualifying child for more than one-half of the taxable year.

We have previously held that petitioner is entitled to dependency exemption deductions for her granddaughter and great-granddaughter for 2007 because each is a qualifying child. Accordingly, petitioner qualifies for head of household filing status for 2007.

## Conclusion

We have considered all of the arguments made by respondent, and, to the extent that we have not specifically addressed those arguments, we conclude that they are without merit.

To reflect the foregoing,

Decision will be entered for petitioner.